IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CAUSE NO. 1:07cr15 |
| | § | |
| CHARLES D. CHAMBERS | § | |

**ORDER DENYING MOTION TO SUPPRESS**

The Defendant in this case has filed a Motion to Suppress [14] in which he argues that the accounting records seized by law enforcement officers on May 7, 2004 were seized illegally and should be suppressed because: 1) the search warrant had expired at 10:00 p.m. on May 4, 2004, slightly more than two days before its execution on the morning of May 7; and 2) the warrant specified accounting records for the years 1999 through 2002, but officers also seized 2003 records. The Government has filed a response to the Motion, and Defendant has replied. The Court finds that neither ground asserted by Defendant justifies suppression of the evidence seized.

DISCUSSION

On May 4, 2004, Chief Magistrate Judge Roper issued two search warrants in regard to the Defendant, Charles D. Chambers. One was for Chambers's residence and the other was for his business, Chuck's Carpets. Agents were given information from a recently retired Chuck's Carpets employee that Chambers was maintaining two sets of accounting records for the purpose of tax evasion. Gov't Exh. "A" 3. One set of invoices, reported to the Internal Revenue Service, was kept at Chuck's Carpets, while another set, not reported, was kept at Chambers's residence. *Id*. at 5-6. Agents sought to obtain these two sets of records. Both warrants issued by Judge

-1-

Roper specified that the searches were to be conducted the same day they were issued, "on or before May 4, 2004." Gov't Exh. "C" and "D." However, law enforcement agents executed both on the morning of May 7, 2004, at approximately 7:15 a.m.

**The Expired Search Warrants:**

Although this precise issue has not been addressed by the Fifth Circuit, the Tenth Circuit held, in the case of a search warrant executed one day late, that a technical violation of FED. R. CRIM. P. 41 does not result in suppression, provided the violation is non-prejudicial and unintentional. *U.S. v. Sims*, 428 F.3d 945, 955 (10th Cir. 2005). In that case, the court found that

> there was no showing that the one-day delay was the result of any intentional disregard of the terms of the warrant. Moreover, it was executed within the 10-day requirement of Rule 41, and there is no evidence the execution on January 25 rather than January 24 had any effect on the Government's probable cause to search Sims's office computer whatsoever. Indeed, we see no probable cause reason the search was limited to four days to start.

*Id.*

Similarly, in the Eleventh Circuit, "completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation and cannot be the basis for suppressing evidence seized so long as probable cause continues to exist, and the government does not act in bad faith." *U.S. v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993).

In this case, there has been no showing that the delay was the result of intentional disregard of the warrant terms. The warrants were executed within the 10-day requirement of Rule 41. Further, there has been no showing that probable cause was affected by the passage of slightly more than two days beyond the warrant issue date. It therefore appears to the Court that the error asserted here is not prejudicial to Chambers.

However, Defendant argues that the search was prejudicial because it was abrasive. According to Defendant, law enforcement officers executed the warrants on the morning of his father's funeral, causing him to miss "most of the private family grievance." The Court has not found a definition for an "abrasive" search. However, the term seems to be used primarily in the context of a nighttime search. *See, e.g., U.S. v.* $22,287.00, 709 F.2d 442, 449 (6th Cir. 1983) (No indication that the search would have been less "abrasive " if it had been carried out shortly before 10 p.m.) and *U.S. v. Pryor*, 652 F.Supp. 1353, 1366 (D. Me. 1987) (Defendant not subject to an "abrasive" or "frightening" nighttime search). Thus, although Defendant asserts that the searches were conducted at an inconvenient time, they do not appear to have been "abrasive" such that they caused prejudice.

**The 2003 Accounting Records:**

In addition to the invoices from 1999 to 2002, agents also seized invoices for 2003. Defendant contends that the 2003 invoices must be suppressed because their seizure was not authorized by the search warrants.

> Evidence which falls outside the scope of the warrant normally must be suppressed. However, two exceptions apply. First, items of an "incriminatory character" which are found in the course of a legal search, yet which were not described in the search warrant, may be seized. Second, officers may seize property which is not described in the warrant if the property exhibits a "sufficient nexus" to the crime under investigation.

*U.S. v. Loe*, 248 F.3d 449, 460-61 (5th Cir. 2001) (citations omitted).

Both exceptions apply in this case. The 2003 invoices seized were of the same, incriminatory nature as the records from 1999 to 2002, and have a self-evident nexus to the tax evasion crime under investigation. The Court therefore concludes that the evidence seized

pursuant to the warrants at issue is not the product of law enforcement illegality. Chambers's motion to suppress should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion to Suppress [14] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE